IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES GOLDEN, | : | |
|     Plaintiff, | : | |
| | : | |
|     v. | : | CIVIL ACTION NO. 26-CV-0656 |
| | : | |
| YESCARE, *et al.*, | : | |
|     Defendants. | : | |

**MEMORANDUM**

**SCHMEHL, J.**                                                                                          **June 9, 2026**

Plaintiff James Golden, who is currently housed at the Riverside Correctional Facility, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, asserting violations of his rights arising from events that occurred while he was a pretrial detainee in the custody of the Philadelphia Department of Prisons ("PDP"). Currently before the Court are Golden's Complaint ("Compl." (ECF No. 2)), his Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1), and his Prisoner Trust Fund Account Statement (ECF No. 3). Golden asserts claims against YesCare and YesCare employee John Doe. (Compl. at 1.) For the following reasons, the Court will grant Golden leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Golden will be granted leave to file an amended complaint.

## I.    FACTUAL ALLEGATIONS[1]

The gravamen of Golden's claim is that he did not receive proper care for his broken knee while in the custody of the PDP.  (*See* Compl.)  He alleges that in May 2024, he was hit by a car in Philadelphia.  (*Id*. at 3.)  At Temple Hospital, he was examined and underwent diagnostic testing, after which he was discharged with a diagnosis of a knee fracture.  (*Id*.)  On July 21, 2024, Golden was arrested and detained.  (*Id*.)  Between July 2024 and March 2025, Golden submitted numerous sick call requests to YesCare complaining of knee pain and requesting a consultation with a specialist.  (*Id*.)  In November 2024, Golden's knee was x-rayed at Frankford Hospital, and Frankford staff recommended that he undergo an MRI study.  (*Id*.)  In March 2025, Golden underwent an MRI study of his knee at Albert Einstein Medical Center.  (*Id*.)  Following the study, he was told that because he had not received timely care for his fractured knee, it had healed incorrectly, and he would require surgery and pain management.  (*Id*.)

On July 17, 2025, Golden was released from PDP custody.  (*Id*.)  Following his release, he scheduled surgery for his knee to take place on August 26, 2025.  (*Id*.)  However, on August 5, 2025, Golden was rearrested and detained.  (*Id*.)  Golden informed YesCare through the sick call request procedure that he was scheduled for surgery on his knee, but between August and December 2025, YesCare allegedly did not take reasonable steps to have Golden's knee properly treated.  (*Id*. at 3-4.)  Golden attributes YesCare's failure to obtain care for his knee to its policy of placing profits ahead of timely treatment of inmates, its maintenance of an inadequate staff

---

[1] The factual allegations set forth in this Memorandum are taken from Golden's Complaint (ECF No. 2).  The Court adopts the pagination supplied by the CM/ECF docketing system.  Where appropriate, grammar, spelling, and punctuation errors in Golden's pleading will be corrected for clarity.

with inadequate training, and its longstanding practice of delaying or denying care to inmates. (*Id*. at 4.)

Golden claims that because of the Defendants' conduct, treatment of his serious medical condition was delayed and he has suffered pain and emotional distress. (*Id*.) He also claims he will likely incur medical expenses for care and treatment in the future. (*Id*.) He asserts a claim for violation of his Eighth Amendment[2] rights and seeks an award of money damages. (*Id*.)

## II.   STANDARD OF REVIEW

The Court will grant Golden leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 560 U.S. 544, 556 (2007)). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's

---

[2] Because Golden was a pretrial detainee at the time of the events giving rise to his claims, the Fourteenth Amendment, rather than the Eight Amendment governs his deliberate indifference claims. *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). However, the standard for claims related to a prisoner's medical needs is essentially the same under either the Eighth Amendment or Fourteenth Amendment for purposes of the analysis. *See Moore v. Luffey*, 767 F. App'x 335, 340 n.2 (3d Cir. 2019) (citing *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581-82 (3d Cir. 2003); *Parkell v. Morgan*, 682 F. App'x 155, 159-60 (3d Cir. 2017) (*per curiam*). Moreover, in light of the Court's disposition of Golden's claims, the applicable standard is not relevant at this time.

[3] Because Golden is a prisoner, the Prison Litigation Reform Act requires that he pay the full filing fee in installments regardless of the outcome of this case.

favor, and ask only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197, 204 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

Because Golden is proceeding *pro se*, the Court construes his allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Mala*, 704 F.3d at 245; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) (*per curiam*) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it by name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

## III.    DISCUSSION

Golden asserts claims based on alleged violations of his constitutional rights. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to

4

be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)). *See Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

### A.    Claim Against John Doe

Golden asserts a claim against John Doe, identified as a policymaker for YesCare. (Compl. at 2.) However, there are no factual allegations in the Complaint describing any conduct engaged in by Doe. As noted, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode*, 845 F.2d at 1207; *see also Jutrowski v. Township of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018) ("Each Government official, his or her title notwithstanding, is only liable for his or her *own* misconduct.") (quoting *Iqbal*, 556 U.S. at 677) (emphasis in original); *Dooley*, 957 F.3d at 374. "Although a court can infer that a defendant had contemporaneous knowledge of wrongful conduct from the circumstances surrounding a case, the knowledge must be actual, not constructive." *Chavarriaga v. New Jersey Dept. of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) (citing *Baker v. Monroe Township*, 50 F.3d 1186, 1194 (3d Cir. 1995); *Rode*, 845 F.2d at 1201 n.6). Golden identifies Doe as a policymaker but does not allege that he established any policy relevant to the alleged constitutional violations Golden suffered. He does not allege that Doe was personally involved or had knowledge of any decision regarding Golden's care, or that he was otherwise involved in the alleged violations of his constitutional rights. Accordingly, his claim against Doe is not plausible. This claim will be dismissed without prejudice, and Golden will be granted leave to amend it.

**B.** **Claim Against YesCare**

Golden asserts a deliberate indifference claim against YesCare, identified as a private healthcare company contracted to provide health care for PDP inmates.  (Compl. at 2, 4.)  A private corporation under contract to provide medical services at a jail or prison may be liable under § 1983 in certain circumstances.  The United States Court of Appeals for the Third Circuit has held that "a private health company providing services to inmates 'cannot be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability.'"  *Sims v. Wexford Health Sources*, 635 F. App'x 16, 20 (3d Cir. 2015) (quoting *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583 (3d Cir. 2003) (applying *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978) to claims against medical contractor)).  Rather, in order to hold a private health care company like YesCare liable for a constitutional violation under § 1983, a prisoner must allege facts showing the provider had "a relevant . . . policy or custom, and that the policy caused the constitutional violation [he] allege[s]."  *Natale*, 318 F.3d 575, 583-84 (citing *Bd. of the Cnty. Comm'rs of Bryan Cnty., Oklahoma v. Brown*, 520 U.S. 397, 404 (1997)); *see also Lomax v. City of Philadelphia*, No. 13-1078, 2017 WL 1177095, at *3 (E.D. Pa. Mar. 29, 2017) ("Because [defendant] is a private company contracted by a prison to provide health care for inmates, . . . it can only be held liable for constitutional violations if it has a custom or policy exhibiting deliberate indifference to a prisoner's serious medical needs.") (citations and quotations omitted).

Golden attributes the delay in care he experienced to YesCare's "longstanding practice [ ] of putting profits over the health and timely treatment of patients," "inadequate medical staff with inadequate training," and "a longstanding practice of denying or delaying medical service to inmates."  (Compl. at 4.)  However, there are no factual allegations in the Complaint to support

these conclusory statements.  Significantly, though he alleges he advised YesCare through the sick call procedure that he had an upcoming date for surgery on his knee, he does not allege what response, if any, he received regarding that surgery appointment.  Additionally, while he claims YesCare "refused to take reasonable measures to have [him] timely treated for his serious medical condition," (*id*. at 4), he provides no facts describing what, if any, measures were taken to obtain care for his knee.  He does not identify any YesCare staff members with whom he interacted and does not describe what information they provided.  In short, he offers no facts to support his claim that YesCare maintained the policies or customs described.  His conclusory statements do not state a plausible claim and Golden's claim against YesCare will be dismissed. He will be granted leave to amend this claim.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Golden leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Golden will be granted leave to file an amended complaint.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002).

An appropriate Order follows.

BY THE COURT:


/s/ Jeffrey L. Schmehl
**JEFFREY L. SCHMEHL, J.**

7